**No. 23-1362**

# United States Court of Appeals
# for the Federal Circuit

VROOM, INC., VROOM AUTOMOTIVE, LLC, dba
Vroom, dba Texas Direct Auto, CARSTORY, LLC,
VAST.COM, INC., dba CarStory,
*Plaintiffs-Appellees*

v.

SIDEKICK TECHNOLOGY, LLC,
*Defendant-Appellant*

Appeal from the United States District Court for the District of New Jersey in No.
2:21-cv-06737-WJM-JSA, Judge William J. Martini.

## PLAINTIFFS-APPELLEES' COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC

**BAKER & HOSTETLER LLP**
Daniel J. Goettle
Stephanie Hatzikyriakou
1735 Market Street
Suite 3300
Philadelphia, PA  19103-7501
(215) 568-3100

*Attorneys for Plaintiffs-Appellees*

May 11, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>AMENDED CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1362 |
| **Short Case Caption** | Vroom, Inc. v. Sidekick Technology, LLC |
| **Filing Party/Entity** | Vroom, Inc.; Vroom Automotive, LLC d/b/a Vroom, d/b/a Texas Direct Auto; Carstory, LLC; Vast.com, Inc. d/b/a Carstory |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/18/2023

Signature: /s/ Daniel J. Goettle

Name: Daniel J. Goettle

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Vroom, Inc. | | N/A |
| Vroom Automotive, LLC d/b/a Vroom, d/b/a Texas Direct Auto | | Vroom, Inc. |
| Carstory, LLC | | Vroom, Inc. |
| Vast.com, Inc. d/b/a Carstory | | Carstory, LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable     ☐ Additional pages attached

| | | |
|---|---|---|
| Lesley McCall Grossberg, formerly of Baker & Hostetler LLP | John Frank Murphy, formerly of Baker & Hostetler LLP | Derek M. Freitas Baker & Hostetler LLP |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable     ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................3

BACKGROUND ................................................................................4

ARGUMENT .....................................................................................6

   A.   The district court's ruling invalidated all of Appellant's patents, rendering Appellees' prayers for relief related to noninfringement moot. ...........................6

      1.   *Liberty* and *Henrietta*, which involved a district court not acting on prayers for relief to which a pleader was entitled, are irrelevant to this case....8

      2.   The Panel's decision, if upheld, would upend numerous decisions of this Court (and the Supreme Court) that involve the same procedural posture as this matter, including *Nautilus*, *Alice*, and others. ...........................................9

   B.   The Panel ignored Third Circuit law. .........................................16

      1.   Even if the district court's ruling did not moot Appellees' prayers for relief, the Panel did not correctly apply Third Circuit law, which permits the district court full discretion to leave unresolved any issue raised by any party. …………………………………………………………………………..16

      2.   Third Circuit law compels a finding here that the district court had entered final judgment. .................................................................................17

CONCLUSION ..................................................................................18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alice Corp. Pty. v. CLS Bank Int'l,*
   573 U.S. 208 (2014) ............................................................................15

*Berkheimer v. Hewlett-Packard Co.,*
   No. 12-C-9023, (N.D. Ill.)…………………………………….................15

*Berkheimer v. HP Inc.,*
   881 F.3d 1360 (Fed. Cir. 2018) ...........................................1, 10, 15

*Biosig Instruments, Inc. v. Nautilus, Inc.,*
   715 F.3d 891 (Fed. Cir. 2013), *vacated,* 572 U.S. 898 (2014) ...................*passim*

*Biosig Instruments, Inc. v. Nautilus, Inc.,*
   Case No. 10-CV-7722 (S.D.N.Y) ........................................................10

*CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG,*
   224 F.3d 1308 (Fed. Cir. 2000) .........................................................16

*CLS Bank Int'l v. Alice Corp. Pty.,*
   685 F.3d 1341 (Fed. Cir. 2012) ..................................................*passim*

*CLS Bank Int'l v. Alice Corp. Pty.,*
   717 F.3d 1269 (Fed. Cir. 2013), *aff'd,* 573 U.S. 208 (2014)...................1, 10, 15

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.,*
   No. 07-974 (D.D.C) ............................................................................15

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat.
Ass'n,* 776 F.3d 1343 (Fed. Cir. 2014) .....................................1, 10, 15

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat.
Ass'n,* No. 12-6960 (D.N.J) ................................................................15

*Enfish, LLC v. Microsoft Corp.,*
   822 F.3d 1327 (Fed. Cir. 2016) ........................................1, 10, 15

*Enfish, LLC v. Microsoft Corp.,*
   No. 2:12-cv-07360-MRP-MRW (C.D. Cal.) .....................................15

*Franklin v. Dist. of Columbia,*
  163 F.3d 625 (D.C. Cir. 1999) ........................................................ 7, 8

*Graceway Pharms, LLC v. Fougera Pharms. Inc.,*
  No. 2:10-CV-00937-WJM, Dkt. 292 (D.N.J.) ..................................... 8

*Henglein v. Colt Indus. Operating Corp.,*
  260 F.3d 201 (3d Cir. 2001) .............................................................. 16

*Henrietta D. v. Giuliani,*
  246 F.3d 176 (2d Cir. 2001) ............................................................ 8, 9

*Hologic, Inc. v. Minerva Surgical, Inc.,*
  957 F.3d 1256 (Fed. Cir. 2020), *vacated and remanded,* 141 S. Ct.
  2298 (2021), *reinstated in part by* 44 F.4th 1358 (Fed. Cir. 2022) ...... 7

*Liberty Mut. Ins. Co. v. Wetzel,*
  424 U.S. 737 (1976) ........................................................................ 8, 9

*Local Union No. 1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.,*
  358 F.3d 278 (3d Cir. 2004) .............................................................. 17

*Nautilus, Inc. v. Biosig Instruments, Inc.,*
  572 U.S. 898 (2014) ...................................................................... 10, 11

*SAP America, Inc. v. Investpic, LLC,*
  898 F.3d 1161 (Fed. Cir. 2018) ................................................ 1, 10, 15

*SAP America, Inc. v. Investpic, LLC,*
  No. 3:16-CV-02689-K (N.D. Tex.) .................................................... 15

*Selective Ins. Co. of S.C. v. City of Paris,*
  769 F.3d 501 (7th Cir. 2014) ............................................................... 7

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.,*
  115 F.3d 962 (Fed. Cir. 1997) ............................................................. 8

**Statutes**

28 U.S.C. § 1295 .................................................................... 1, 11, 15

35 U.S.C. § 101 ......................................................................... 6, 15

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) & (3) ...................................................................6, 7

Federal R. Civ. P. 58 .........................................................................4, 5, 17

## **FEDERAL CIRCUIT RULES 35(b)(2) AND 40(a)(5) STATEMENT**

Based on my professional judgment, I believe the Panel's decision is contrary to the following decision of the Supreme Court of the United States or the precedents of this Court: *See, e.g.*, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014); *Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891, 897 (Fed. Cir. 2013), *vacated*, 572 U.S. 898 (2014); *CLS Bank Int'l v. Alice Corp. Pty.*, 685 F.3d 1341, 1345 (Fed. Cir. 2012); *CLS Bank Int'l v. Alice Corp. Pty.*, 717 F.3d 1269 (Fed. Cir. 2013), *aff'd*, 573 U.S. 208 (2014); *SAP America, Inc. v. Investpic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1363 (Fed. Cir. 2018); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014).

Based on my professional judgment, I also believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance:

Whether a district court's judgment on the pleadings in favor of the plaintiffs that all of the defendant's asserted patent claims are invalid is sufficiently final for this Court to exercise jurisdiction under 28 U.S.C. § 1295 where the plaintiffs' complaint solely contained counts seeking declarations of noninfringement and the district court did not address the complaint's prayers for relief on noninfringement.

1

## POINTS OF LAW OR FACT MISAPPREHENDED BY THE PANEL

Upending numerous decisions of this Court and the Supreme Court that involve the same procedural posture as this matter, including *Nautilus*, *Alice*, *Berkheimer*, and *Enfish*, the Panel misapplied Supreme Court and Second Circuit case law to the facts of this case and ignored Third Circuit case law. Moreover, the Panel failed to recognize that any outstanding prayers relating to noninfringement, including seeking to enjoin Appellant from representing to third parties that Appellees infringed, were mooted when the district court found all claims of all asserted patents invalid.

*Daniel J. Goettle*
Daniel J. Goettle

**INTRODUCTION**

In denying Appellees' motion to dismiss this appeal as late, a Panel of this Court determined that it lacked jurisdiction because Appellant's notice of appeal was instead premature. Relying on an erroneous interpretation of a Supreme Court and a Second Circuit case, and ignoring Third Circuit law, the Panel determined that the judgment was not final because the district court had not acted on at least one prayer for relief in the complaint. The Panel erred for two reasons.

First, the Panel did not recognize that the district court's ruling mooted Appellees' prayers for relief, rendering inapposite the Supreme Court and Second Circuit cases on which the Panel relied. Because the declaratory-judgment complaint sought only findings of noninfringement and the district court found all claims invalid, the district court's ruling mooted all of Appellees' prayers for relief. This is neither controversial nor atypical. *Nautilus*, *Alice*, and a plethora of this Court's cases followed exactly this same pattern and, in each, this Court at least implicitly found that final judgment had been entered and its exercise of jurisdiction was proper. However, under the Panel's (erroneous) rationale here, none of these cases should have been decided because this Court (and the Supreme Court) would have lacked jurisdiction.

Second, the Panel ignored Third Circuit law that grants district courts full discretion on which issues to decide, and refuse to decide, in declaratory-judgment

actions. Here, even if the prayers for relief were not mooted by the district court's ruling (they were), the district court properly exercised its discretion not to decide prayers for relief, and furthermore confirmed that it had entered final judgment.

This Court should grant Appellees' Combined Petition for Panel Rehearing and Rehearing En Banc and dismiss Appellant's appeal as too late.

## **BACKGROUND**

In June 2022, the district court invalidated all claims of Appellant's asserted patents, granted Appellees judgment on the pleadings, and dismissed Appellant's counterclaim infringement allegations with prejudice. Dkt. 5, Ex. 4, 5 (Dist. Ct. Dkts. 46, 47). Having issued a final judgment, the appellate clock began to tick. *Id*. Rather than timely seek an appeal (or, at the very least, file a notice of appeal while considering its options in the district court), Appellant asked the district court to reconsider. The district court denied the request. Then, months after its motion for reconsideration was denied, Appellant asked the district court to do what it had done back in June 2022—enter final judgment. *Id.*, Exs. 7, 8, 9 (Dist. Ct. Dkts. 57, 58, 62). The district court answered that it had, long ago, entered judgment. Dkt. 11, Ex. A.

In response to Appellant's too-late notice of appeal, Appellees filed a motion to dismiss. Dkt. 5. As explained in Appellees' motion to dismiss, the district court's order complied with Federal Rule of Civil Procedure 58, consistent with Third

Circuit precedent, and started the appeal clock. *See id.* at 14-15 (citing *Local Union No. 1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 285-86 (3d Cir. 2004) ("The order's denomination as an 'order,' rather than a 'judgment,' does not mean that it fails to satisfy the separate document requirement. . . . [to] . . . comply with Rule 58.")). Moreover, the district court confirmed that its order was final. Dkt. 11, Ex. A; Dkt. 5 at 6 (citing *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362-63 (Fed. Cir. 2003) (stating that finality requires "some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case.") (internal quotations omitted)).

A Panel of this Court, however, determined that it lacked subject-matter jurisdiction for the appeal, not because Appellant's notice of appeal was too late or the district court's final judgment was ambiguous, but instead because the appeal was too early. Specifically, the Panel concluded that "at least [Appellees'] request for injunctive relief remains pending, rendering th[e] appeal premature." Dkt. 14 at 3 (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744–45 (1976); *Henrietta D. v. Giuliani*, 246 F.3d 176, 180 (2d Cir. 2001)). At least as an example, the Panel referenced Appellees' prayer that "the Court enjoin [Appellant] from representing to anyone that [Appellees] are infringing on any rights [Appellant] purports to own, including any rights based on the patents in suit." Dkt. 14 at 2; Dkt. 5, Ex. 1 (Dist. Ct. Dkt. 1 at 57).

5

# **ARGUMENT**

In erroneously concluding that "at least Vroom's request for injunctive relief remains pending," the Panel misapplied both cases it cited as support and failed to consider applicable Third Circuit law. Dkt. 14 at 3.

## A.   The district court's ruling invalidated all of Appellant's patents, rendering Appellees' prayers for relief related to noninfringement moot.

Appellees' declaratory-judgment complaint sought declarations of noninfringement only. Dkt. 5, Ex. 1. Accordingly, the district court could decide Appellees' prayers for relief only if it first determined whether Appellees' products and functionalities practiced the claims of the asserted patents. Instead, the district court granted Appellees judgment on the pleadings, finding each of the patents invalid under 35 U.S.C. § 101. This finding made any determination concerning the complaint's counts and prayers for injunctive relief unnecessary.

There is no dispute that the invalidity finding necessarily mooted the infringement issues. *See* Dkt. 14 at 3 (citing *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004)). Yet the Panel incorrectly concluded that the district court failed to address Appellees' prayers for relief, thereby erecting a jurisdictional hurdle for the Panel. This was error. *See* Fed. R. Civ. P. 8(a)(2) & (3) (requiring complaints to include "a demand for the relief sought," but a pleader does not obtain "the relief sought" unless the pleader is first found to be "entitled to

6

relief."); *Franklin v. Dist. of Columbia*, 163 F.3d 625, 628 (D.C. Cir. 1999) ("In damage and injunction actions, a final judgment in a plaintiff's favor declares not only liability but also the consequences of liability—what, if anything, the defendants must do as a result.") (citing *Liberty*, 424 U.S. at 742).

That the Appellees sought to enjoin "[Appellant] from representing to anyone that [Appellees] are infringing on any rights [Appellant] purports to own, including any rights based on the patents in suit"—the prayer specifically identified by the Panel—does not change the analysis. Appellees never became "entitled to" this or any of the other prayers for relief because the district court's invalidity finding mooted all non-infringement liability counts. Consequently, the prayers for relief were mooted. *See* Fed. R. Civ. P. 8(a)(2) & (3); *Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1266 (Fed. Cir. 2020), *vacated and remanded*, 141 S. Ct. 2298 (2021), *reinstated in part by* 44 F.4th 1358 (Fed. Cir. 2022) ("Because the [asserted] patent claims are invalid, Hologic cannot assert those claims or seek ongoing monetary or injunctive relief based on infringement."); *Selective Ins. Co. of S.C. v. City of Paris*, 769 F.3d 501, 508 (7th Cir. 2014) (determining that the district court implicitly rejected relief where court did not act on relief).[1]

---

[1] Contrary to the Panel's interpretation, the district court's use of "appearing" did not signify uncertainty in the judgment's finality. To the contrary, the district court unequivocally stated that it "already entered final judgment on the merits." Dkt. 11, Ex. A. Thus, "appearing"—the use of which is common in district court orders— did not denote uncertainty by the district court but rather confirmation of an

1.    ***Liberty* and *Henrietta*, which involved a district court not acting on prayers for relief to which a pleader was entitled, are irrelevant to this case.**

In remanding the case to the district court, the Panel relied on a Supreme Court case and a Second Circuit case. *See* Dkt. 14 at 3. But these cases actually support Appellees. Both *Liberty* and *Henrietta* involved scenarios where the pleaders ***prevailed*** on their counts, triggering the relief sought. But in each case, the district court did not act upon the relief—even though the pleader was entitled to it. *See Liberty*, 424 U.S. at 742;[2] *Henrietta*, 246 F.3d at 180; *see also Franklin*, 163 F.3d at 629 (summarizing *Liberty* as a case where "plaintiffs received a favorable ruling on the issue of liability, but received none of the relief expressly sought in their complaint.").

In *Liberty*, the plaintiffs' complaint asserted that the defendant violated a federal statute. 424 U.S. at 739. The plaintiffs' complaint sought to enjoin "the continuance by defendant of the illegal acts and practices alleged herein." *Id.* at 740. The district court ruled in favor of the plaintiffs on liability, thus obligating the district court to decide whether to issue the requested injunction. *Id.* And while the

---

obvious fact pertaining to the district court's order. *See, e.g.*, *Graceway Pharms, LLC v. Fougera Pharms. Inc.*, No. 2:10-CV-00937-WJM, Dkt. 292 (D.N.J.).
[2] Appellees previously distinguished *Liberty*. *See* Dkt. 10 at 4 n.3. But even had Appellees not done so, this Court "must always look to [its] jurisdiction, whether the parties raise the issue or not." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997).

district court signaled its intention to enjoin the defendant, it never did. *Id.* at 741. The U.S. Court of Appeals for the Third Circuit affirmed. *Id.* at 739. The Supreme Court granted certiorari and vacated. *Id.* at 740. In doing so, the Supreme Court stated that "[i]t is obvious from the District Court's order that [the plaintiffs], *although having received a favorable ruling on the issue of [defendant's] liability to them*, *received none of the relief which they expressly prayed for* . . . ." *Id.* at 742 (emphasis added).

Likewise, in *Henrietta*, the district court found New York liable and stated its intention to award the plaintiffs their requested permanent injunction but it never did so. 246 F.3d at 179. On appeal, the U.S. Court of Appeals for the Second Circuit determined that it lacked jurisdiction because the supposedly final order "did nothing more than determine liability, leaving the measure of prospective relief for another day." *Id.* at 180.

Here, the district court did not decide any issue pertaining to infringement—because it invalidated all of Appellant's patents—and therefore was not obligated to decide whether to grant any relief Appellees had requested because Appellees' complaint focused exclusively on non-infringement issues. *Liberty* and *Henrietta* are therefore irrelevant in this matter, and the Panel erred in relying on them.

> **2.     The Panel's decision, if upheld, would upend numerous decisions of this Court (and the Supreme Court) that involve the same procedural posture as this matter, including *Nautilus*, *Alice*, and others.**

9

This Court has previously and correctly found its exercise of jurisdiction proper in multiple cases in which the district court never addressed prayers for relief related to infringement because its invalidation ruling mooted the prayers for relief. *See, e.g.*, *Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891, 897 (Fed. Cir. 2013), *vacated*, 572 U.S. 898 (2014); *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 685 F.3d 1341, 1345 (Fed. Cir. 2012); *CLS Bank Int'l v. Alice Corp. Pty.*, 717 F.3d 1269 (Fed. Cir. 2013), *aff'd*, 573 U.S. 208 (2014); *SAP America, Inc. v. Investpic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1363 (Fed. Cir. 2018); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014).

The Supreme Court's *Nautilus* case is particularly pertinent. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014). Nautilus sought an injunction similar to one of Appellees' prayers here, namely, "[t]hat [patent owner] . . . be enjoined from threatening or commencing any further action against Nautilus . . . related to any of the claims made by Biosig in this action." *Biosig Instruments, Inc. v. Nautilus, Inc.*, Case No. 10-CV-7722, Dkt. 5 at 45 (S.D.N.Y Jan. 3, 2011). The district court granted summary judgment of invalidity for indefiniteness and dismissed the complaint and counterclaims. *Id.*, Dkts. 43, 54. The district court's order did not address *Nautilus's* previously quoted prayer. *Id.*, Dkts. 54, 55. Yet, on appeal, this

Court correctly stated that it "ha[d] jurisdiction pursuant to 28 U.S.C. § 1295(a)(1)." *Biosig Instruments, Inc.*, 715 F.3d at 897. This Court's exercise of jurisdiction was proper because the district court invalidated the asserted patent and, therefore, the complaint's prayer associated with infringement was moot. The Supreme Court agreed, granting certiorari and issuing an opinion. *See Nautilus*, 572 U.S. at 907. Appellees submit that the lack of an explicit acknowledgment from this Court and the Supreme Court that jurisdiction was proper in the *Nautilus* case is not a weakness of Appellees' arguments here but instead confirmation of the obvious error in the Panel's decision.

Regardless, *Nautilus* is not an isolated case. Time and time again, this Court (and the Supreme Court) have exercised jurisdiction under similar facts. Indeed, if the Panel decision here is correct, then the Federal Circuit and Supreme Court lacked jurisdiction to resolve scores of other cases. But those cases were not wrongly decided; they merely took for granted a clear principle of law. By failing to appreciate the same, the Panel erred. The below table includes a non-exhaustive list of other cases with similar procedural posturing where this Court correctly stated that it had jurisdiction under 28 U.S.C. § 1295. The last row shows the corresponding facts of this case.

| Case | District Court Opinion and Judgment | Portions of Prevailing Party's Prayer for relief |
|---|---|---|
| *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 685 F.3d 1341 (Fed. Cir. 2012); *CLS Bank Int'l v. Alice Corp. Pty.*, 717 F.3d 1269 (Fed. Cir. 2013), *aff'd*, 573 U.S. 208 (2014).<br><br>The Federal Circuit explicitly stated that its exercise of jurisdiction was proper under 28 U.S.C. § 1295(a)(1). *Id*. at 1345.<br><br>The U.S. Supreme Court then exercised jurisdiction and set forth law as to patentable subject matter under 35 U.S.C. § 101 with no mention of jurisdictional defects. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014). | Invalidating patent claims under 35 U.S.C. § 101 and entering judgment without mention of prayers for relief.<br><br>*CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, No. 07-974, Dkts. 104, 105 (D.D.C.). | "(a) Declaring that the . . . CLS System has not infringed and does not infringe any valid and/or enforceable claim of the [asserted] patents."<br><br>"(b) Declaring that CLS Bank's activities . . . have not infringed and do not infringe any valid or enforceable claim of the [asserted] patents."<br><br>*Id.*, Dkt. 1 at 6. |

| Case | District Court Opinion and Judgment | Portions of Prevailing Party's Prayer for relief |
|---|---|---|
| *SAP America, Inc. v. Investpic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018).<br><br>The Federal Circuit explicitly stated that its exercise of jurisdiction was proper under 28 U.S.C. § 1295(a)(1). *Id.* at 1166. | Invalidating patent claims under 35 U.S.C. § 101 and entering judgment without mention of prayers for relief.<br><br>*SAP America, Inc. v. Investpic, LLC*, No. 3:16-CV-02689-K, Dkts. 78, 79 (N.D. Tex.). | "b) a permanent injunction restraining InvestPic . . ., from charging or threatening, orally or in writing, that the '291 patent has been infringed by SAP…."<br><br>*Id.*, Dkt. 1. |
| *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018).<br><br>The Federal Circuit explicitly stated that its exercise of jurisdiction was proper under 28 U.S.C. § 1295(a)(1). *Id.* at 1363. | Invalidating patent claims under 35 U.S.C. § 101 and entering judgment without mention of prayers for relief.<br><br>*Berkheimer v. Hewlett-Packard Co.*, No. 12-C-9023, Dkts. 188, 189 (N.D. Ill.). | "(E) enjoining Plaintiff from litigating any action in any other court against HP and/or its customers for infringement of the '713 Patent."<br><br>*Id.*, Dkt. 37. |
| *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016).<br><br>The Federal Circuit explicitly stated that its exercise of jurisdiction was | Invalidating patent claims under 35 U.S.C. § 101 and entering judgment without mention of prayers for relief.<br><br>*Enfish, LLC v. Microsoft Corp.*, No. 2:12-cv-07360-MRP-MRW, Dkts. 303, 309 (C.D. Cal.). | "B. Declaring that no Microsoft product or technology has in any way infringed, directly or indirectly, any claim of the Patents-In-Suit."<br><br>*Id.*, Dkt. 35. |

| Case | District Court Opinion and Judgment | Portions of Prevailing Party's Prayer for relief |
|---|---|---|
| proper under 28 U.S.C. § 1295(a)(1). *Id*. at 1334. | | |
| *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343 (Fed. Cir. 2014).<br><br>The Federal Circuit explicitly stated that its exercise of jurisdiction was proper under 28 U.S.C. § 1295(a)(1). *Id*. at 1346. | Invalidating patent claims under 35 U.S.C. § 101 and entering judgment without mention of prayers for relief.<br><br>*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, No. 12-6960, Dkt. 44 at 24, Dkt. 45 (D.N.J.). | "I. a preliminary and permanent injunction enjoining Defendants, . . . . from suing Diebold or from threatening to sue or suing any of its customers for infringement of any of the CET Patents or any other patents . . . and from continuing to prosecute existing suits against Diebold customers . . . ."<br><br>*Id.*, Dkt. 20 at 36. |
| *Vroom, Inc. v. Sidekick Technology, LLC.* | Invalidating patent claims under 35 U.S.C. § 101 and entering judgment without mention of prayers for relief.<br><br>Dkt. 5, Exs. 4, 5 (Dist. Ct. Dkts. 46, 47). | "137. That the Court enter judgment in Plaintiffs' favor and declare that Plaintiffs do not **infringe** each and every one of the Patents-in-Suit;<br><br>138. That the Court declare that Plaintiffs are **free and clear to make, use, offer for sale and sell the functionalities available at their websites** and/or any corresponding |

| Case | District Court Opinion and Judgment | Portions of Prevailing Party's Prayer for relief |
|---|---|---|
|  |  | mobile device application despite any rights Defendant purports to own; <br><br>139. That the Court enjoin Defendant from representing to anyone that Plaintiffs are ***infringing*** on any rights Defendant purports to own, including any rights based on the patents in suit; . . ." <br><br>Dkt. 5, Ex. 1 (Dist. Ct. Dkt. 1) (emphasis added). |

*Nautilus* and each one of these charted cases lead to the same correct conclusion—this Court (and, where applicable, the Supreme Court) properly exercised jurisdiction even though prayers for relief were not addressed.

**B.    The Panel ignored Third Circuit law.**

**1.    Even if the district court's ruling did not moot Appellees' prayers for relief, the Panel did not correctly apply Third Circuit law, which permits the district court full discretion to leave unresolved any issue raised by any party.**

The impetus for this action was Appellees' declaratory-judgment complaint. Under Third Circuit law—which controls the issue of the finality of judgments in this case[3]—the district court "has discretion to decline jurisdiction over a declaratory action in its entirety," and retains full discretion to "decide some of the issues raised and refuse to rule on others." *See Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 210-11 (3d Cir. 2001) (distinguishing *Liberty* on this ground). Thus, even if Appellees' non-infringement related prayers survived the district court's invalidation ruling (they did not, just as similar prayers for relief did not survive in *Nautilus* and other cases), the district court nonetheless had full authority to enter final judgment. *Id.* at 211 (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)),

---

[3] While this Court applies its own law to determine whether it has jurisdiction, regional-circuit law applies to the question of whether a district-court judgment is final. *See CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1314–15 (Fed. Cir. 2000) (stating that the finality of dismissal is a procedural issue not related to patent law and therefore regional circuit law controls) (citations omitted).

which it did, and has since confirmed that it did. Dkt. 5, Ex. 5 (Dist. Ct. Dkt. 47);

Dkt. 11, Ex. A.

### 2. Third Circuit law compels a finding here that the district court had entered final judgment.

In response to Appellees' motion to dismiss, Appellant principally argued that

its appeal was timely because it did not know that the district court had entered a

final judgment. The Panel, however, did not address this argument, but to the extent

that the Panel or the En Banc Court now does, Third Circuit law confirms that the

district court entered final judgment, as noted in Appellees' motion to dismiss. *See*

*Local Union*, 358 F.3d at 285-86.

*Local Union*, which addressed whether an order was a final judgment that

triggered the appellate clock and made the notice of appeal "woefully untimely,"

controls. *Id.* at 283. Like the district court's order here, the order in *Local Union* did

not use the words "final judgment." *Id.* at 285. But after acknowledging a circuit

split on this issue, the Third Circuit determined that "[t]he order's denomination as

an 'order,' rather than a judgment,' does not mean that it fails to" comply with Rule

58. *Id.* at 285-86. Furthermore, the Third Circuit made clear that the parties'

subjective understanding that the order was not final and not appealable was not

relevant. *Id.* at 286. This is the same argument that Appellant advances here, and for

the reasons stated in *Local Union*, the Panel or the En Banc Court should reject it.

The district court below not only complied with Rule 58, *see* Dkt. 5 at 15 (citing

*Local Union*, 358 F.3d at 285-86), but also confirmed that it had entered a final judgment. Dkt. 11, Ex. A; Dkt. 5 at 6 (citing *Pandrol*, 320 F.3d at 1362-63 (stating that finality requires "some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case.")).

## <u>CONCLUSION</u>

Appellant's appeal is not too early but too late. This Court should grant Appellees' Combined Petition for Panel Rehearing and Rehearing En Banc and dismiss Appellant's appeal for lack of subject matter jurisdiction as untimely. The district court's judgment was final. As a result, this Panel or the En Banc Court should reverse the Panel decision and dismiss Appellant's appeal because Appellant did not appeal within the required timeframe.

Date: May 11, 2023

*/s/ Daniel J. Goettle*
Daniel J. Goettle
Stephanie Hatzikyriakou
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA  19103-7501
(215) 568-3100

*Attorneys for Plaintiffs-Appellees*

# ADDENDUM

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**VROOM, INC., VROOM AUTOMOTIVE, LLC, dba
Vroom, dba Texas Direct Auto, CARSTORY, LLC,
VAST.COM, INC., dba CarStory,**
*Plaintiffs-Appellees*

**v.**

**SIDEKICK TECHNOLOGY, LLC,**
*Defendant-Appellant*

———————————

2023-1362

———————————

Appeal from the United States District Court for the District of New Jersey in No. 2:21-cv-06737-WJM-JSA, Senior Judge William J. Martini.

———————————

## ON MOTION

———————————

Before LOURIE, PROST, and WALLACH, *Circuit Judges*.

WALLACH, *Circuit Judge*.

## O R D E R

Vroom, Inc. et al. (collectively, "Vroom") move to dismiss this appeal for lack of jurisdiction. Sidekick

Technology, LLC opposes the motion. For the following reasons, we dismiss the appeal as premature.

Vroom filed a complaint at the district court seeking: (1) a declaration of non-infringement as to 12 of Sidekick's patents; (2) a declaration that Vroom is "free and clear to make, use, offer for sale and sell the functionalities available at their websites and/or any corresponding mobile device application despite any rights [Sidekick] purports to own," ECF No. 5 at 90; and (3) an injunction against Sidekick "from representing to anyone that [Vroom is] infringing on any rights [Sidekick] purports to own," *id.*\* Sidekick counterclaimed for patent infringement. Vroom answered the counterclaim with affirmative defenses, including that the patent claims are invalid under 35 U.S.C. § 101. Vroom then moved for judgment on the pleadings based on its § 101 argument. On June 28, 2022, the district court granted that motion and dismissed Sidekick's counterclaims with prejudice. Sidekick moved for reconsideration, which the district court denied on October 18, 2022.

On January 4, 2023, Sidekick contacted the district court to inquire about the status of the case, and the district court entered a docket entry stating "Civil Case Terminated" backdated to June 28, 2022. Sidekick filed a notice of appeal and moved the district court for entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure or for certification under 28 U.S.C. § 1292(b). On March 21, 2023, the district court denied the motion, noting that the court dismissed Sidekick's

---

\* Vroom also sought a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs. The fact that the district court has not yet acted on that request, however, would not preclude jurisdiction over an otherwise appealable judgment. *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1303–04 (Fed. Cir. 2019).

counterclaims "as an invalid patent [claim] cannot be in-fringed" and that it "appear[s] that the Court . . . already entered final judgment on the merits." ECF No. 11 at 5.

This court's jurisdiction generally extends only to a "fi-nal decision of a district court," 28 U.S.C. § 1295(a)(1), *i.e.*, one that "ends the litigation on the merits and leaves noth-ing for the court to do but execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, while the district court is correct that its order granting Vroom's mo-tion for judgment on the pleadings necessarily resolved Vroom's claims for declaratory judgment of non-infringe-ment, *see TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("[A] judgment of invalid-ity necessarily moots the issue of infringement."), at least Vroom's request for injunctive relief remains pending, ren-dering this appeal premature. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744–45 (1976); *Henrietta D. v. Giuli-ani*, 246 F.3d 176, 180 (2d Cir. 2001) (noting that a decla-ration does not have the effect of a final judgment "when other remedial issues remain unresolved").

We therefore grant the motion to dismiss and expect the parties and the district court to promptly resolve the outstanding request for relief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the appeal is dismissed for lack of jurisdiction, subject to reinstate-ment under the same docket number without the payment of an additional filing fee if, within 60 days of the date of filing of this order, Sidekick appeals from a final judgment entered on the entire case or a judgment entered under Rule 54(b) of the Federal Rules of Civil Procedure.

4                          VROOM, INC. v. SIDEKICK TECHNOLOGY, LLC

(2)  Each side shall bear its own costs.

FOR THE COURT

April 11, 2023                      /s/ Peter R. Marksteiner
Date                               Peter R. Marksteiner
                                   Clerk of Court

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  23-1362

**Short Case Caption:**  Vroom, Inc. v. Sidekick Technology, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  3,651  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 05/11/2023

Signature:  /s/ Daniel J. Goettle

Name:  Daniel J. Goettle